# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0193V
### Filed: April 15, 2019
UNPUBLISHED

WILLIAM HENDERSON and RHONDA
HENDERSON, as the Natural Parents
and Guardians of A.H., a minor,

Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Tetanus Diphtheria acellular
Pertussis (Tdap) Vaccine; Human
Papillomavirus (HPV) Vaccine;
Vasovagal Syncope

*Rudolph L. Massa, Massa Law Group, Pittsburg, PA, for petitioners.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 7, 2018, William and Rhonda Henderson ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of their minor daughter, A.H. Petitioners allege that A.H. developed vasovagal syncope upon receiving tetanus-diphtheria-acellular pertussis ("Tdap") and human papillomavirus ("HPV") vaccines on August 19, 2016, which resulted in "residual effects and complications of a fall and associated concussion." Petition at 1-4. Specifically, petitioners alleged that A.H. continues to suffer a "lump on her head, i.e., she remains disfigured" as a result of the

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

syncope she suffered following her vaccinations. *Id*. at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 16, 2018, a ruling on entitlement was issued, finding petitioners entitled to compensation. On April 12, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioners should be awarded a total of $52,044.12, representing $50,000.00 to petitioners and $2,044.12 to satisfy a Commonwealth of Pennsylvania Medicaid lien. Proffer at 2. In the Proffer, respondent represented that petitioners agree with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioners the following:**

(1) A lump sum payment of **$50,000.00** in the form of a check payable to petitioners as guardians/conservators of A.H.'s estate. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of A.H.'s estate; and

(2) A lump sum payment of **$2,044.12**, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, payable jointly to petitioners and to:

> **Commonwealth of Pennsylvania**
> **Department of Human Services**
> **Bureau of Program Integrity**
> **P.O. Box 8486**
> **Harrisburg, PA 17105**
> **CIS#: 830170479**

Petitioners agree to endorse this payment to the Commonwealth of Pennsylvania. These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

WILLIAM HENDERSON and RHONDA
HENDERSON, as the Natural Parents and
Guardians of A.H., a minor,

           Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN
SERVICES,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 18-193V
Chief Special Master Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 15, 2018, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Thereafter, on November 16, 2018, Chief Special Master Dorsey issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her vasovagal syncope and resulting sequelae.

**I.    Compensation for Vaccine Injury-Related Items**

Based on the evidence of record, respondent proffers that petitioner should be awarded **$50,000.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), with the exception of the reimbursement of the Medicaid lien, below. Petitioners agree.

Respondent further proffers that petitioners should be awarded funds to satisfy a Commonwealth of Pennsylvania Medicaid lien in the amount of **$2,044.12**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments that the Commonwealth of Pennsylvania has made to or on behalf of A.H. from the

date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about April 19, 2016, under Title XIX of the Social Security Act. Petitioners agree.

## II.    Form of the Award

Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

(1)    A lump sum payment of **$50,000.00** in the form of a check payable to petitioners as guardians/conservators of A.H.'s estate.[1] No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of A.H.'s estate; and

(2)    A lump sum payment of **$2,044.12**, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, payable jointly to petitioners and to:

Commonwealth of Pennsylvania
Department of Human Services
Bureau of Program Integrity
P.O. Box 8486
Harrisburg, PA  17105
CIS#:  830170479

Petitioners agree to endorse this payment to the Commonwealth of Pennsylvania.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*s/ Traci R. Patton*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 353-1589

Dated:  April 12, 2019